# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IJEAMAKA NGOZI EKWEANI  :
                        :
                        :
    v.                  :    Civil No. CCB-13-2661
                        :
                        :
WELLS FARGO HOME MORTGAGE, INC. :
                        :

## MEMORANDUM

Appellant Ijeamaka Ngozi Ekweani, a licensed attorney, purporting to act on behalf of herself and her husband, Chukwunenye Ekweani, (collectively, "the Ekweanis"), filed a notice of appeal with the United States Bankruptcy Court for the District of Maryland on August 28, 2013, seeking to appeal an order of that court entered on August 13, 2013. (Notice of Appeal, ECF No. 1). Appellee Wells Fargo Home Mortgage, Inc. ("Wells Fargo") has moved to dismiss the appeal for lack of jurisdiction, claiming the Ekweanis' notice was untimely. The court finds the notice was untimely, thus depriving this court of jurisdiction, and the Ekweanis' appeal will be dismissed.

Failure to file a timely notice of appeal from a bankruptcy court order deprives the district court of jurisdiction to consider the appeal. *See Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986) (citing *In re LBL Sports Center, Inc.*, 685 F.2d 410, 412 (6th Cir. 1982); *Matter of Ramsey*, 612 F.2d 1220, 1221-22 (9th Cir. 1980)); *Reig v. Wells Fargo Bank*, 2013 WL 3280035, at *1 (D. Md. 2013).[1] Under Federal Rule of Bankruptcy Procedure 8002(a), parties have 14 days from the date of entry of a bankruptcy court order to file a notice of appeal. Parties must strictly comply with the time period, s*ee AgSouth Farm Credit, ACA v. Bishop*, 333 B.R.

---

[1] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

746, 748 (Bankr. D.S.C. 2005) (noting that the filing period for a notice of appeal "has been strictly construed, requiring strict compliance with its terms" (internal quotation marks omitted)), unless they request an extension by written motion to the bankruptcy court within the 14-day period, or, upon a showing of excusable neglect, within 21 days after the initial period has expired. Fed. R. Bankr. P. 8002(c).

The Ekweanis claim the 14-day period was extended to 17 days in this case, under Federal Rule of Bankruptcy Procedure 9006(f), because notice of the bankruptcy court's order was mailed to them. (Appellant's Opp'n ¶ 1, ECF No. 15). This is an incorrect reading of the rules. Rule 9006(f) adds three days to a prescribed period "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail." Under Rule 8002(a), the time period for filing a notice of appeal begins to run on the date of entry of the order, not the date of service. It is well-recognized, therefore, that Rule 9006(f) cannot be applied to extend the time period under Rule 8002(a). *See, e.g.*, *In re Wigoda*, 11 F. App'x 624, 625 (7th Cir. 2001); *In re Williams*, 216 F.3d 1295, 1297 n.3 (11th Cir. 2000); *In re Cray Computer Corp.*, 145 F.3d 1345, at *1 (10th Cir. 1998); *In re Schimmels*, 85 F.3d 416, 420 n.4 (9th Cir. 1996); *Arbuckle v. First Nat'l Bank of Oxford*, 988 F.2d 29, 31-32 (5th Cir. 1993); *In re Branham*, 953 F.2d 644, at *1 (6th Cir. 1992); *Reig*, 2013 WL 3280035 at *1 n.1.

Here, the bankruptcy court entered the order at issue on August 13, 2013. (Notice of Appeal, ECF No. 1, at 1). The Ekweanis did not file a motion for an extension of time, thus forfeiting any right to one under Rule 8002(c).[2] *See In re Sackar*, 2004 WL 3415563, at *2 (D.

---

[2] The Ekweanis' opposition to Wells Fargo's motion to dismiss appears to be the first time they make any request for an extension. Even if their opposition memorandum could be considered a proper motion for an extension, *see In re Starcher*, 255 B.R. 292, 293 (Bankr. S.D.W.V. 2000) ("such extension must be sought from the bankruptcy

Md. 2004). The Ekweanis thus had to file their notice of appeal by August 27, 2013, 14 days after the bankruptcy court order was entered. *See* Fed. R. Bankr. P. 9006(a)(1) (articulating how to calculate a period of time stated in days). Because they filed their notice of appeal one day late, on August 28, 2013, (Notice of Appeal, at 1),[3] it was untimely. This court is barred from considering the Ekweanis' appeal.

For these reasons, Wells Fargo's motion to dismiss will be granted. A separate order will follow.

November 5, 2013                        /s/
Date                                   Catherine C. Blake
                                            United States District Judge

---

court and not the district court"), they filed it on October 15, 2013, well outside of the 35-day period allowed under Rule 8002(c).

[3] Although the Ekweanis appear to admit that the notice was not filed until August 28th, (Appellant's Opp'n ¶ 2), to the extent they argue they actually filed it on August 27th by dropping it in the bankruptcy court clerk's night box for after-hours drop-off, their argument is without merit. Under the bankruptcy court's local rules, the night box does not extend a filing deadline beyond when the clerk's office closes at 4:00 p.m. Md. Local Bankruptcy Rule 5001-2(d). Further, the Ekweanis cannot avail themselves of the Fourth Circuit's mailbox rule because they did not mail their notice of appeal to the court clerk, *see Matter of Pigge*, 539 F.2d 369, 371 (4th Cir. 1976), and it does not appear their late filing was due to circumstances entirely beyond their control, *id.* at 371 n.4.